Daniel P. Collins (State Bar Id. No. 009055)
Maureen P. Henry (State Bar Id. No. 012185)
**COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.**
Chase Tower, Suite 2210
201 North Central Avenue
Phoenix, Arizona 85004-0022
Telephone (602) 252-1900
Facsimile (602) 252-1114
Attorneys for Robert Patrick Abele, as chapter 7 trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JEREL ROGER SCHAFER,<br><br>    Debtor.<br>_____<br>ROBERT PATRICK ABELE, as chapter 7 trustee,<br><br>    Plaintiff,<br><br>v.<br><br>JEREL ROGER SCHAFER and JANE DOE SCHAFER, husband and wife; JEWELL WOODSON BROWN aka J.W. BROWN,<br><br>    Defendants. | **Proceedings Under Chapter 7**<br><br>**Case No.:2:98-bk-16191-RTB**<br><br>**Adversary No.:** _____<br><br>**COMPLAINT**<br>    **1. FOR TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §§541 AND 542;**<br>    **2. FOR RECOVERY OF PROPERTY OR THE VALUE OF SUCH PROPERTY PURSUANT TO 11 U.S.C. §§550 AND 551;**<br>    **3. FOR DECLARATORY JUDGMENT REGARDING INTEREST IN PROPERTY;**<br>    **4. FOR DAMAGES FOR CONVERSION AND UNJUST ENRICHMENT; AND**<br>    **5. FOR THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS** |

    For his complaint, Robert Patrick Abele ("Trustee"), as chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of Jerel Roger Schafer ("Debtor"), hereby alleges

as follows:

1. Jurisdiction is vested in this Court by virtue of 28 U.S.C.§§1334, 151 and 157.

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (E) and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

4. Pursuant to Bankruptcy Rule 7001, a proceeding to obtain a declaratory judgment related to turnover of property, and proceedings to obtain approval under 11 U.S.C. §363(h) for the sale of the interest of the estate and of a co-owner in property are adversary proceedings governed by Part VII of the Federal Rules of Bankruptcy Procedure.

5. The Trustee is permitted to bring this adversary action on behalf of the Bankruptcy Estate pursuant to Fed.R.Bankr.P. 6009.

## GENERAL ALLEGATIONS

6. The Debtor filed his voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code on December 22, 1998 ("Petition Date").

7. The Trustee was appointed to administer the Debtor's chapter 7 case.

8. The Trustee filed his Trustee's Report of Final Account and Application for Closing on or about April 1, 2004, and the Bankruptcy Court ordered the case closed and the Trustee discharged from and relieved of his trust on or about April 2, 2004.

9. In July, 2006, the Trustee was informed that on the Petition Date, the Debtor was the co-owner of real property which had not been disclosed in his bankruptcy schedules and statement of affairs, including but not limited to the following real property:

> Lot Thirteen (13) Block One (1), CAMPBELL PLACE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 18 of Maps, page 32 (commonly known as 2321 E. Brill, Phoenix, Arizona (hereinafter the "Brill Property")

The East half of Lot 8 and the West half of Lot 10, Block N, UNIVERSITY ADDITION, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 1 of Maps, page 7 (commonly known as 1333 W. Taylor, Phoenix, Arizona) (hereinafter the "Taylor Property").

Lot 7, WALKER SUBDIVISION, according to Book 3 of Maps, page 10, records of Maricopa County, Arizona (commonly known as 116 North 11th Avenue, Phoenix, Arizona (hereinafter the "11th Avenue Property").

Lot 16 of FOOTHILLS LOTS, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 38 of Maps, page 39 (commonly known as 9638 No. 12th Ave., Phoenix, Arizona) (hereinafter the "12th Avenue Property").

The West 50 feet of the North half of Lot 45, GREENFIELD ACRES TRACT TWO, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona recorded in Book 14 of Maps, page 2 (as measured along the south and west lines of said Lot 45) (commonly known as 1901 E. Sheridan, Phoenix, Arizona) (hereinafter the "Sheridan Property").

10. Upon information and belief, the 11th Avenue Property, the 12th Avenue Property and the Sheridan Property (collectively the "Sold Property") were sold and transferred, and the Debtor was paid the value of his co-owner's share from the proceeds of the sale of the Sold Property.

11. Upon information and belief, the proceeds of the Sold Property paid to the Debtor are property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

12. Upon information and belief, the Brill Property and the Taylor Property have not been sold and remain titled to Debtor and a co-owner, JEWELL WOODSON BROWN, aka J.W.BROWN

13. Defendant JEWELL WOODSON BROWN, aka J.W.BROWN is an individual and a co-owner of the Brill Property and the Taylor Property.

## Count One

**Turnover of Bankruptcy Estate Property – Sold Property (11 U.S.C. § 542)**

14. The Trustee hereby incorporates by reference all of the allegations contained in paragraphs 1 through 13 above, as though fully set forth herein.

15. Upon information and belief, on the Petition Date, the Debtor owned a one-half interest in the Sold Property.

16. Upon information and belief, the Debtor received proceeds from the sale of the 11th Avenue Property totaling approximately $46,000 on account of his interest in the 11th Avenue Property.

17. Upon information and belief, the Debtor received proceeds from the sale of the 12th Avenue Property totaling approximately $50,000 on account of his interest in the 12th Avenue Property.

18. Upon information and belief, the Debtor received proceeds from the sale of the Sheridan Property totaling approximately $56,750 on account of his interest in the Sheridan Property.

19. The 11th Avenue Property, the 12th Avenue Property and the Sheridan Property were not disclosed in Schedule A – Real Property.

20. On the Petition Date, the Sold Property was property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

21. The proceeds of the Sold Property constitute property the Trustee can use, sell or lease under 11 U.S.C. §363.

22. The proceeds of the Sold Property are in the custody and control of the Debtor.

23. The proceeds of the Sold Property are not of inconsequential value or benefit to the Bankruptcy Estate.

WHEREFORE, the Trustee demands that this Court enter judgment in favor of the Trustee and against JEREL ROGER SCHAFER and HIS MARITAL COMMUNITY as follows:

A. Ordering the Debtor to turnover to the Trustee all payments received by or benefiting the Debtor on account of the sale of the Sold Property but in any event no less than $152,000 plus interest thereon at the federal judgment rate from the Petition Date, until paid;

B. In the event of default, for a money judgment for all amounts received by or benefiting the Debtor on account of the sale of the Sold Property, but in any event no less than $152, 000, plus interest thereon at the federal judgment rate from the Petition Date, until paid;

C. Ordering the Debtor to provide to the Trustee a full accounting of all receipts, transfers, or payments of any kind or nature from the sale of real property, including but not limited to the Sold Property;

D. For the Trustee's reasonable costs and attorneys fees incurred herein; and

E. For such other and further relief as the Court deems just and proper under the circumstances of this case.

## Count Two

### Conversion of Bankruptcy Estate Property – Sold Property

24. The Trustee hereby incorporates by reference all of the allegations contained in paragraphs 1 through 25 above, as though fully set forth herein.

25. Upon information and belief, on the Petition Date, the Debtor owned a one-half interest in the Sold Property.

26. Upon information and belief, the Debtor received proceeds from the sale of the 11th Avenue Property totaling approximately $46,000 on account of his interest in the 11th Avenue Property.

-5-

27. Upon information and belief, the Debtor received proceeds from the sale of the 12th Avenue Property totaling approximately $50,000 on account of his interest in the 12th Avenue Property.

28. Upon information and belief, the Debtor received proceeds from the sale of the Sheridan Property totaling approximately $56,750 on account of his interest in the Sheridan Property.

29. On the Petition Date, the Sold Property was property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

30. The Debtor wrongfully exerted dominion over the Sold Property in denial of or inconsistent with his rights in the Sold Property.

31. The Debtor's actions so seriously interfered with the right of the Trustee to control the Sold Property that Debtor may justly be required to pay the Trustee the full value of the Sold Property.

WHEREFORE, the Trustee demands that this Court enter judgment in favor of the Trustee and against JEREL ROGER SCHAFER and HIS MARITAL COMMUNITY as follows:

A. For all amounts received by or benefiting the Debtor on account of the sale of the Sold Property, but in any event no less than $152, 000, plus interest thereon at the Arizona statutory rate from the Petition Date, until paid;

B. For any additional amount of pecuniary loss for which the actions of the Debtor in connection with the Sold Property has been a legal cause;

C. For the Trustee's reasonable costs and attorneys fees incurred herein;

D. For interest on all such sums awarded at the rate prescribed by 28 U.S.C. §1961, until paid;

E. Ordering the Debtor to provide to the Trustee a full accounting of all receipts, transfers, or payments of any kind or nature from the sale of real property, including but not limited to the Sold Property; and

F. For such other and further relief as the Court deems just and proper under the circumstances of this case.

### Count Three

### Unjust Enrichment – Sold Property

32. The Trustee hereby incorporates by reference all of the allegations contained in paragraphs 1 through 31 above, as though fully set forth herein.

33. Upon information and belief, on the Petition Date, the Debtor owned a one-half interest in the Sold Property.

34. Upon information and belief, the Debtor received proceeds from the sale of the 11th Avenue Property totaling approximately $46,000 on account of his interest in the 11th Avenue Property.

35. Upon information and belief, the Debtor received proceeds from the sale of the 12th Avenue Property totaling approximately $50,000 on account of his interest in the 12th Avenue Property.

36. Upon information and belief, the Debtor received proceeds from the sale of the Sheridan Property totaling approximately $56,750 on account of his interest in the Sheridan Property.

37. On the Petition Date, the Sold Property was property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

38. By receiving money paid for the Sold Property, which was property of the Bankruptcy Estate, the Debtor was unjustly enriched at the expense of the Bankruptcy Estate.

39. The Trustee is entitled to be compensated for the Debtor's unjust enrichment in an amount equal to the full value of the Sold Property, and in an additional amount sufficient to compensate the Bankruptcy Estate for its loss of use of the Sold Property from the Petition Date until the date of entry of judgment.

40. As a result of the Debtor's unjust enrichment at the Trustee's expense, the Trustee is also entitled to recover his reasonable attorneys' fees and costs, pursuant to A.R.S. §§ 12-341.01 and 12-341, respectively.

WHEREFORE, the Trustee demands that this Court enter judgment in favor of the Trustee and against JEREL ROGER SCHAFER and HIS MARITAL COMMUNITY as follows:

A. For all amounts received by or benefiting the Debtor on account of the sale of the Sold Property, but in any event no less than $152,000, plus interest thereon at the Arizona statutory rate of interest from the Petition Date until the date of entry of judgment;

B. For any additional amount of pecuniary loss for which the actions of the Debtor in connection with the Sold Property has been a legal cause;

C. For the Trustee's reasonable costs and attorneys fees incurred herein;

D. For interest on all such sums awarded at the at the rate prescribed by 28 U.S.C. §1961, from the date of entry of judgment, until paid;

E. Ordering the Debtor to provide to the Trustee a full accounting of all receipts, transfers, or payments of any kind or nature from the sale of real property, including but not limited to the Sold Property; and

F. For such other and further relief as the Court deems just and proper under the circumstances of this case.

## Count Four

**Turnover of Bankruptcy Estate Property – Brill Property (11 U.S.C. § 542)**

41. The Trustee hereby incorporates by reference all of the allegations contained in paragraphs 1 through 40 above, as though fully set forth herein.

42. Upon information and belief, the Brill Property has a value of at least $150,000.

43. Upon information and belief, on the Petition Date, the Debtor was a co-owner of the Brill Property.

44. The Debtor did not disclose the Brill Property on his Bankruptcy Schedules or Statement of Financial Affairs.

45. The Brill Property is property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

46. The Debtor has failed to turnover to the Trustee the Brill Property or any documentation regarding the Brill Property.

47. The Brill Property is property the Trustee can use, sell or lease under 11 U.S.C. § 363.

48. The Brill Property is in the custody and control of the Debtor and the co-owner of the Brill Property.

49. The Brill Property is not of inconsequential value or benefit to the Bankruptcy Estate.

WHEREFORE, the Trustee demands that this Court enter judgment in favor of the Trustee and against JEREL ROGER SCHAFER and HIS MARITAL COMMUNITY as follows:

A. Ordering the Debtor to turnover to the Trustee his interest in the Brill Property and all payments received by or benefiting the Debtor on account of his interest in the Brill Property, but in any event no less than $75,000 plus interest thereon at the federal judgment rate from the Petition Date, until paid;

B. In the event of default, for a money judgment for the value of the Debtor's interest in the Brill Property, but in any event no less than $75,000 plus interest thereon at the federal judgment rate from the Petition Date, until paid;

C. Ordering the Debtor to provide to the Trustee a full accounting of all receipts, transfers, or payments of any kind or nature from or regarding the purchase, sale or transfer of real property, including but not limited to the Brill Property;

D. For the Trustee's reasonable costs and attorneys fees incurred herein; and

E. For such other and further relief as the Court deems just and proper under the circumstances of this case.

### Count Five

### Turnover of Bankruptcy Estate Property – Taylor Property (11 U.S.C. § 542)

50. The Trustee hereby incorporates by reference all of the allegations contained in paragraphs 1 through 49, above, as though fully set forth herein.

51. Upon information and belief, the Taylor Property has a value of at least $143,000.

52. Upon information and belief, on the Petition Date, the Debtor was a one-half co-owner of the Taylor Property.

53. The Debtor did not disclose the Taylor Property on his Bankruptcy Schedules or Statement of Financial Affairs.

54. The Taylor Property is property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

55. The Debtor has failed to turnover to the Trustee the Taylor Property or any documentation regarding the Taylor Property.

56. The Taylor Property is property the Trustee can use, sell or lease under 11 U.S.C. § 363.

57. The Taylor Property is in the custody and control of the Debtor and the co-owner of the Taylor Property.

58. The Taylor Property is not of inconsequential value or benefit to the Bankruptcy Estate.

WHEREFORE, the Trustee demands that this Court enter judgment in favor of the Trustee and against JEREL ROGER SCHAFER and HIS MARITAL COMMUNITY as follows:

A. Ordering the Debtor to turnover to the Trustee his interest in the Taylor Property and all payments received by or benefiting the Debtor on account of his interest in the Taylor Property, but in any event no less than $67,000 plus interest thereon at the federal judgment rate from the Petition Date, until paid;

B. In the event of default, for a money judgment for the value of the Debtor's interest in the Taylor Property, but in any event no less than $67,000 plus interest thereon at the federal judgment rate from the Petition Date, until paid;

C. Ordering the Debtor to provide to the Trustee a full accounting of all receipts, transfers, or payments of any kind or nature from or regarding the purchase, sale or transfer of real property, including but not limited to the Taylor Property;

D. For the Trustee's reasonable costs and attorneys fees incurred herein; and

E. For such other and further relief as the Court deems just and proper under the circumstances of this case.

## Count Six

### Request for Declaratory Judgment

59. Plaintiff hereby incorporates paragraphs 1 through 58 above as though fully set forth herein.

60. The Debtor's interest in the Sold Property or the proceeds thereof is property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

61. The Debtor's interest in the Brill Property or the proceeds thereof is property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

62. The Debtor's interest in the Taylor Property or the proceeds thereof is property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

WHEREFORE, the Trustee demands the following relief against all defendants herein:

A. An Order of the Court establishing that Debtor's interests in the Sold Property or the proceeds thereof, the Brill Property and the Taylor Property are property of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

B. For such other and further relief as this Court deems just and proper under the circumstances of this case.

### Count Seven

**Sale of the Interest of the Bankruptcy Estate and of a Co-Owner in the Brill Property and the Taylor Property [11 U.S.C. §363(h)]**

63. Plaintiff hereby incorporates paragraphs 1 through 62 above as though fully set forth herein.

64. The Trustee desires to sell the Bankruptcy Estate's interest in the Brill Property and the Taylor Property.

65. Debtor and the Defendant, Jewell Woodson Brown, aka J.W. Brown, claim an interest in the Brill Property and the Taylor Property as co-tenants.

66. The Brill Property and the Taylor Property are not exempt from levy or execution under Arizona law or the Bankruptcy Code.

67. The sale of an undivided interest in the Brill Property and the Taylor Property would realize significantly less for the Bankruptcy Estate than the sale of the Brill Property and the Taylor Property free and clear of the interest of the co-owners.

68. The benefit to the Bankruptcy Estate from the sale of the Brill Property and the Taylor Property free and clear of the interest of any co-owners clearly outweighs the detriment to the Defendants.

69. The Brill Property and the Taylor Property are not being used in the production, transmission, or distribution of electric energy or of natural synthetic gas for heat, light or power.

70. Any partition in kind of the Brill Property and the Taylor Property between the Bankruptcy Estate and Defendants is impracticable.

71. The Brill Property and the Taylor Property may be recovered and sold by the trustee for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. §363(f); (h).

WHEREFORE, the Trustee requests the following relief against JEREL ROGER SCHAFER and HIS MARITAL COMMUNITY and JEWELL WOODSON BROWN aka J.W. BROWN, as follows:

A. An Order of the Court establishing that the Debtor's interests in the Brill Property and the Taylor Property are property of this bankruptcy estate pursuant to 11 U.S.C. §541;

B. An Order of the Court authorizing the sale of the Brill Property and the Taylor Property free and clear of the interests of the Debtor, JEREL ROGER SCHAFER and HIS MARITAL COMMUNITY, and the Defendant, JEWELL WOODSON BROWN aka J.W. BROWN, pursuant to 11 U.S.C. §363(h).

C. An Order of the Court awarding Plaintiff his reasonable attorney fees and costs incurred herein; and

D. Such other and further relief as the Court deems just and reasonable under the circumstances of this case.

RESPECTFULLY SUBMITTED this 15th day of June, 2007.

COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.

By /s/ Maureen P. Henry / 012185
    Daniel P. Collins
    Maureen P. Henry
    Attorneys for Trustee, Robert P. Abele